## OREGON ELECTRIC SIGN ASSOCIATION, INC.,
*Respondent,*

*v.*

## CITY OF BEAVERTON,
*Petitioner.*

(81-135; CA A26590)

673 P2d 1391

Eleanore S. Baxendale, Assistant City Attorney, Beaverton, argued the cause and filed the briefs for petitioner.

Timothy V. Ramis, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The City of Beaverton (Beaverton) seeks review of two orders of the Land Use Board of Appeals (LUBA): (1) granting the Oregon Electric Sign Association (OESA) standing to petition for review of Beaverton's amended sign ordinance and (2) remanding the amended sign ordinance for findings on statewide goal compliance.

In November, 1981, after a public hearing, Beaverton adopted an amended sign ordinance, effective December, 1981. OESA subsequently filed a petition for review with LUBA, challenging the amended ordinance. OESA claimed that the amended sign ordinance fails to address statewide planning goals, that certain sections are unconstitutional and that certain sections violate ORS 227.173(1),[1] in that they fail to identify sufficient standards and criteria to guide the discretion of decision makers or to inform applicants when they must comply with the ordinance. Assuming that Beaverton's adoption of the amended sign ordinance was a "land use decision" under ORS 197.015(10), subject to LUBA's "exclusive jurisdiction to review any land use decision of a local government * * *," Or Laws 1979, ch 772, § 4(1) (as amended), and that OESA has standing to petition for review of that decision, we conclude that LUBA erred in requiring Beaverton to make findings that the amended sign ordinance complies with statewide planning goals rather than Beaverton's acknowledged comprehensive plan and implementing ordinances. This issue was settled in *Byrd v. Stringer,* 295 Or 311, 666 P2d 1332 (1983). Once acknowledgement has been achieved, a land use decision must be measured against the acknowledged plan and implementing ordinances, not against the goals. 295 Or at 319. Beaverton had an acknowledged plan before the 1981 adoption of the amended sign ordinance, and LUBA erred in remanding for findings on statewide goal compliance.[2]

Order remanding to the city for findings on goal compliance is reversed.

---

[1] LUBA's final opinion and order contained no reference to OESA's claim of constitutional and statutory violations. No error has been assigned to LUBA's failure to rule on those issues, and they are not before us on appeal.

[2] No claim is made that the sign ordinance fails to comply with the acknowledged plan and implementing ordinances.